**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL STARY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TELADOC HEALTH, INC., JASON NATHANIALL GOREVIC, and MALA MURTHY, <br><br> Defendants. | Case No.: 7:24-cv-03849-KMK <br><br> Hon. Kenneth M. Karas |
| ANDREW WAITS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TELADOC HEALTH, INC., JASON GOREVIC, and MALA MURTHY, <br><br> Defendants. | Case No.: 7:24-cv-05339-UA |

**MEMORANDUM OF LAW IN SUPPORT OF ALI TOUAT'S**
**MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS**
**LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.    FACTUAL BACKGROUND ........................................................................................ 2

II.   PROCEDURAL HISTORY ....................................................................................... 4

III.  ARGUMENT .............................................................................................................. 4

    A.    Consolidation of the Actions Is Appropriate ...................................................... 4

    B.    Appointing Movant as Lead Plaintiff Is Appropriate ......................................... 5

        1.    Movant Filed a Timely Motion. ................................................................... 7

        2.    Movant Has the Largest Financial Interest in the Relief Sought. ............... 7

        3.    Movant Satisfies the Relevant Requirements of Rule 23. ........................... 8

            a.    Movant's Claims Are Typical. ............................................................ 8

            b.    Movant Is An Adequate Representative. ............................................. 9

    C.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ........................ 10

IV.   CONCLUSION ......................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................................ 6, 8

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001)...................................................................................................... 10

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ............................................................................................ 9

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)........................................................................................................ 10

*Ferrari v. Impath, Inc.,*
2004 WL 1637053 (S.D.N.Y. July 15, 2004) ...................................................................... 5

*Ferreira v. Funko, Inc.,*
No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020)...................... 1

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 WL 4393798 (E.D.N.Y. Apr. 13, 2015)................................. 8

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ............................................................................................ 8

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ...................................................................... 11

*Hom v. Vale, S.A.,*
Nos. 1:15-cv-9539-GHW, et. al., 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ........................ 1

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)........................................................................ 11

*Johnson v. Celotex Corp.*,
899 F.2d 1281 (2d Cir. 1990)..................................................................................................... 5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 9

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ........................................................................ 11

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, et. al., 2006 WL 1912724 (E.D.N.Y. July 11, 2006) .................... 5

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ........................................................................ 11

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,*
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) ......................................................................... 11

*Solomon v. Peloton Interactive, Inc. et al.,*
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ......................................................................... 11

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) .................................................................................................. 10

*Thant v. Rain Oncology Inc. et al.,*
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ................................................................................ 11

*Thant v. Veru, Inc. et al.,*
No. 1:22-cv-23960 (S.D. Fla. July 27, 2023) ......................................................................... 11

*In re U.S. Steel Securities Litigation,*
No. 2:17-579-CB (W.D. Pa.) .................................................................................................. 10

*Villanueva v. Proterra Inc. et al.,*
No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ....................................................................... 11

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
No. 10-cv-00864-SLT, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ................................... 9

*Weltz v. Lee,*
199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................ 5

*Xiangdong Chen v. X Fin.,*
No. 19-CV-6908-KAM-SJB, 2020 WL 2478643 (E.D.N.Y. May 13, 2020) ......................... 7

**Statutes**

15 U.S.C. § 78u-4 ............................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................... 1, 6, 8, 9

Fed. R. Civ. P. 42(a) .............................................................................................................. 5

iv

Ali Touat ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to consolidate the above-captioned actions (the "Actions"), appoint him as lead plaintiff, and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all persons who purchased or otherwise acquired Teladoc Health, Inc. ("Teladoc" or the "Company") stock between November 2, 2022 and February 20, 2024, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the 1934 Act, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5, against Defendants Teladoc, Jason Nathaniall Gorevic ("Gorevic"), and Mala Murthy ("Murthy") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based

---

[1] The action entitled *Stary v. Teladoc Health, Inc., et. al.,* Case No. 7:24-cv-03849-KMK (the "*Stary* Action") defines the Class Period as November 2, 2022 through February 20, 2024, inclusive. The action styled *Waits v. Teladoc Health, Inc., et al.,* No. 7:24-cv-05339-UA (the "*Waits* Action") defines the Class Period as November 3, 2022 through February 20, 2024, inclusive. Movant adopts the most-inclusive Class Period defined in the *Stary* Action, which is appropriate at this stage of the litigation. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *2 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* Nos. 1:15-cv-9539-GHW, et. al., 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute these Actions.

## I.      FACTUAL BACKGROUND[2]

Teladoc provides direct-to-consumer, online health services. ¶ 2. One of Teladoc's services is "BetterHelp," an online mental health counseling platform. *Id.* Teladoc also provides online primary care and chronic disease management services. *Id.*

On November 30, 2022, Teladoc's Chief Financial Officer, Mala Murthy ("Murthy"), presented at the Piper Sandler Annual Healthcare Conference. ¶ 5. There she discussed projections for BetterHelp's projected memberships and advertising spend for the coming year. *Id.* She said despite increased advertising spending for BetterHelp over the past few years, "we have talked about the ad spending about BetterHelp business moderating in 4Q, right?" *Id.* She further described "a sequential pullback in ad spending." *Id.*

During after-market hours on October 24, 2023, Teladoc issued a press release announcing its third quarter 2023 ("Q3-2023") results (the "Q3-2023 Earnings Release"). *Waits* ¶ 8. The Q3-2023 Earnings Release reported, *inter alia*, revenue of $660.24 million for the quarter, missing

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Stary* Complaint") filed in the *Stary* Action. Citations to "*Waits* ¶ __" are to paragraphs of the Class Action Complaint (the "*Waits* Complaint") filed in the *Waits* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Stary* and *Waits* Complaints. The facts set forth in the *Stary* and *Waits* Complaints are incorporated herein by reference.

consensus estimates by $2.82 million. *Id.* The Q3-2023 Earnings Release also provided fourth quarter 2023 ("Q4-2023") revenue guidance in a range of $658 million to $683 million, below consensus estimates of $686.56 million, as well as revised full year 2023 revenue guidance in a range of $2.6 billion to $2.625 billion, down from a prior forecast of $2.6 billion to $2.675 billion and below the consensus estimate of $2.63 billion. *Id.* Further, the Q3-2023 Earnings Release quoted Defendant Gorevic, who announced that the Company would undertake an operational review of its business. Further, in a related investor presentation released the same day, Teladoc revealed that its BetterHelp segment revenue had declined from $292 million in the second quarter of 2023 ("Q2-2023") to $286 million in Q3-2023. *Id.* The same presentation also revealed that BetterHelp membership had declined from 476,000 paying users in Q2-2023 to 459,000 paying users in Q3-2023. *Id.*

In response to these disclosures, Teladoc's stock price dropped approximately 3.9%, or $0.71 per share, from a closing price of $18.12 per share on October 24, 2023 to a closing price of $17.41 per share on October 25, 2023. *Waits* ¶ 9

On February 20, 2024, Teladoc released its Q4-2024 earnings report on Form 10- K and held its quarterly earnings call. ¶ 8. The Company's Form 10-K demonstrated substantially increased advertising costs. ¶ 9. In 2023, advertising and marketing spend was $668,854,000, up from $623,536,000 in 2022 – itself an increase from $416,726,000 in 2021. *Id.* According to the Form 10-K, "[t]his increase was substantially driven by higher digital and media advertising costs related to BetterHelp." *Id.*

In its associated investor presentation, the Company revealed BetterHelp revenue fell $1 million compared to the year prior, and fell about $10 million from 3Q-2023 to 4Q-2023. ¶ 10. The same presentation revealed BetterHelp lost members for two consecutive quarters, despite that

3

increased advertising spend, decreasing from 476,000 members in 2Q-2023 to 425,000 members in 4Q-2023 – despite the increased advertising spend. ¶ 11.

On the earnings call, Gorevic revealed the Company's revenue was flat compared to the prior year and down 3% sequentially – well below expectations. ¶ 12.

Analysts expressed surprise at this report. Gil Lunria of Davidson wrote the "business is proving difficult to grow with existing marketing dollars and strategies." ¶ 14.

Investors reacted negatively to the news. Shares fell $4.85 (23.6%) overnight, from $20.49/share to $15.64/share. ¶ 15.

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Stary* Action against the Defendants. Plaintiff Paul Stary ("Stary") commenced the first-filed action on May 17, 2024. On that same day, Stary's counsel, Levi & Korsinsky, published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

On July 15, 2024, a substantially similar action was filed against Teladoc in this Court, the *Waits* Action. Movant has requested consolidation of the *Stary* and *Waits* Actions.

## III.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

4

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA2006, et. al., WL 1912724, at *1 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 WL 1637053, at *1 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most

capable of adequately representing the interests of the Class — is the class member or group of

class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff

class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the

PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge,

the largest financial interest in this litigation—having lost $67,130.96 as a result of his transactions

and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B

to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could

raise against him that would render him inadequate to represent the Class. Accordingly, Movant

respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324

F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.   Movant Filed a Timely Motion.

On May 17, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Stary published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Teladoc stock that they had 60 days from the publication of the May 17, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 WL 2478643, at *2 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the May 17, 2024 Press Release and submitted herewith a sworn certification attaching his transactions in Teladoc stock and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.   Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Teladoc stock at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $67,130.96. *See* Apton

7

Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.     Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 WL 4393798, at *3 (E.D.N.Y. Apr. 16, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.     Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and

lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Teladoc's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Teladoc stock during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.    Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources and expertise to efficiently prosecute the Actions, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

9

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 30 years. He resides in Atlanta, Georgia, and possesses a bachelor's degree in psychology. Movant is currently retired but prior to that was a professional delivery driver. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### C.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp*. Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from

10

August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) consolidating the Actions, (2) appointing Movant as Lead Plaintiff, (3) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

11

Dated: July 16, 2024                        Respectfully Submitted,

                                            **LEVI & KORSINSKY, LLP**

                                            By: */s/ Adam M. Apton*
                                            Adam M. Apton (AS-8383)
                                            33 Whitehall Street, 17th Floor
                                            New York, NY 10004
                                            Tel: (212) 363-7500
                                            Fax: (212) 363-7171
                                            Email: aapton@zlk.com

                                            *Lead Counsel for Ali Touat and [Proposed]*
                                            *Lead Counsel for the Class*

12