**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL STARY, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>TELADOC HEALTH, INC., JASON NATHANIALL GOREVIC, and MALA MURTHY,<br><br>     Defendants | **CASE No.: 7:24-cv-03849-KMK-AEK**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ZHUORAN WU TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u> |
| ANDREW WAITS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>TELADOC HEALTH, INC., JASON GOREVIC, and MALA MURTHY,<br><br>     Defendants | **CASE No. 7:24-cv-05339-UA**<br><br><u>**CLASS ACTION**</u> |

## TABLE OF CONTENTS

INTRODUCTION AND BACKGROUND ................................................................................ 2

ARGUMENT .......................................................................................................................... 5

    I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................ 5

    II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF............................................ 5

        A.    Movant Is Willing to Serve as Class Representative ........................................ 6

        B.    Movant Has the Largest Financial Interest in the Action ................................. 6

        C.    Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure 7

        D.    Movant Is Presumptively the Most Adequate Plaintiff...................................... 8

    III.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED........................... 9

CONCLUSION...................................................................................................................... 10

Movant Zhuoran Wu ("Movant") respectfully submits this memorandum of law in support of Movant's motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)      consolidating the above-captioned actions;

(b)      appointing Movant as Lead Plaintiff for the class of all persons, corporations and other legal entities who purchased or otherwise acquired Teladoc Health, Inc. ("Teladoc" or the "Company") stock between November 2, 2022 and February 20, 2024, inclusive (the "Class Period") [1]; and

(c)      approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On May 17, 2024, this first-filed action was filed asserting Exchange Act claims against Teladoc Health, Inc., Jason Gorevic, and Mala Murthy (together, the "Defendants") with a class period of November 2, 2022 and February 20, 2024. That same day, an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff, was issued. *See* Ex. 1 hereto.

---

[1] The first-filed action, *Stary v. Teladoc Health Inc., et al.,* case no. 7:24-cv-03849-KMK-AEK, has a class period of November 2, 2022 and February 20, 2024. The later-filed action, *Waits v. Teladoc Health Inc., et al.*, case no. 7:24-cv-05339-UA has a Class Period of November 3, 2022 and February 20, 2024. A more inclusive class period is favored at the lead plaintiff stage. *See, e.g., In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage); *Deering v. Galena Biopharma, Inc.,* 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage).

The related action was filed on July 15, 2024, styled as *Waits v. Teladoc Health Inc., et al.*, case no. 7:24-cv-05339-UA, alleging substantially similar allegations against the same Defendants, but with a shortened Class Period of November 3, 2022 through February 20, 2024.

Teladoc provides direct-to-consumer, online health services. One of Teladoc's services is "BetterHelp," an online mental health counseling platform. Teladoc also provides online primary care and chronic disease management services. The Company is incorporated in Delaware and is headquartered in Purchase, NY.

Throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) The Company continued to expand its marketing spending throughout 2023, despite public assurances that it would pull back its advertising spending; (2) the increased marketing spent on BetterHelp deteriorated the Company's revenue, with little return for that investment; (3) Despite the Company's acknowledgment that increased advertising spending would be marginally inefficient due to market saturation, it continued to grow its advertising spending in the BetterHelp business; (4) Despite public statements that there remained "a long runway" for BetterHelp membership growth, BetterHelp's membership stagnated and then decreased in 2023, due to market saturation, largely due to BetterHelp's own marketing.

Then on October 24, 2023, during after-market hours, Teladoc issued a press release announcing its Q3-2023 results. The Q3-2023 Earnings Release reported, *inter alia*, revenue of $660.24 million for the quarter, missing consensus estimates by $2.82 million. The Q3-2023 Earnings Release also provided Q4-2023 revenue guidance in a range of $658 million to $683 million, below consensus estimates of $686.56 million, as well as revised full year 2023 revenue guidance in a range of $2.6 billion to $2.625 billion, down from a prior forecast of $2.6 billion to $2.675 billion and below the consensus estimate of $2.63 billion. In addition, the Q3-2023

3

Earnings Release quoted Defendant Gorevic, who announced that the Company would undertake an operational review of its business.

In a related investor presentation released the same day, Teladoc revealed that its BetterHelp segment revenue had declined from $292 million in the second quarter of 2023 to $286 million in Q3-2023. The same presentation also revealed that BetterHelp membership had declined from 476,000 paying users in Q2-2023 to 459,000 paying users in Q3-2023.

On this news, Teladoc's stock price fell $0.71 per share, or approximately 3.9%, from a closing price of $18.12 per share on October 24, 2023 to a closing price of $17.41 per share on October 25, 2023.

On February 20, 2024, Teladoc announced its Q4-2023 earnings results and held its quarterly earnings call. The Company's financials  showed substantially increased advertising costs in 2023, ($668,854,000, up from $623,536,000 in 2022). Furthermore, the Company's investor presentation, released the same day, revealed that BetterHelp's quarterly revenue had slipped compared to 4Q-2022 and that BetterHelp suffered its second consecutive sequential loss. The presentation also showed that BetterHelp had a decrease in membership over 2023.

On the earnings call, Defendant Gorevic revealed that the Company's revenue was flat compared to the prior year and down 3% sequentially—well below expectations and blamed this on "below target" returns on social media advertising.

Investors reacted negatively to the news. Teladoc's stock price fell $4.85 per share, or approximately 23.6%, from a closing price of $20.49 per share on February 20, 2024 to a closing price of $15.64 per share on February 21, 2024.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

The above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that Movant is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[2] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by

---

[2] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

6

which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $14,165.94 in connection with her purchases of Company stock. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Company stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from investments in Company securities and is, therefore, extremely motivated to pursue claims in this action.

### D.  Movant Is Presumptively the Most Adequate Plaintiff

8

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against her that would render Movant inadequate to represent the Class.

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely movant and should be appointed Lead Plaintiff. Movant lives in Franklin Park, New Jersey. After earning a Master of Science in civil engineering, Movant is currently employed as an SAS programmer. Movant has been investing for 5 years.

## III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching Movant's and Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant

recoveries to investors and are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) consolidating the relating actions; (2) appointing Movant as Lead Plaintiff of the Class; (3) approving Movant's selection of The Rosen Law Firm, P.A. and Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: July 16, 2024                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**
                                        /s/ Phillip Kim
                                        Phillip Kim, Esq.
                                        Laurence M. Rosen, Esq.
                                        275 Madison Avenue, 40th Floor
                                        New York, New York 10016
                                        Telephone: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: philkim@rosenlegal.com
                                        Email: lrosen@rosenlegal.com

                                        *Counsel for Movant and [Proposed]*
                                        *Lead Counsel for the Class*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

<u>/s/ Phillip Kim</u>