UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL STARY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TELADOC HEALTH, INC., JASON NATHANIALL GOREVIC, and MALA MURTHY,<br><br>Defendants. | Case No.  7:24-cv-03849-KMK |
| ANDREW WAITS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TELADOC HEALTH, INC., JASON GOREVIC, and MALA MURTHY,<br><br>Defendants. | Case No.  7:24-cv-05339-KMK |

MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF ANDREW
WAITS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .............................................................................................................................. 3

      I.     THE COURT SHOULD APPOINT WAITS AS LEAD PLAINTIFF ................... 3

          A.     Waits Has the Largest Financial Interest of Any Competing Movant ........ 4

          B.     Waits Satisfies the Applicable Requirements of Rule 23 ........................... 5

      II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................... 9

      III.   THE COMPETING MOTIONS SHOULD BE DENIED .................................. 10

CONCLUSION ......................................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aude v. Kobe Steel, Ltd.*,
  17-CV-10085, 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) .............................................4, 5, 9

*Chahal v. Credit Suisse Grp. AG*,
  18-CV-2268 *et al.*, 2018 WL 3093965 (S.D.N.Y. June 21, 2018) .......................................1, 4

*Dookeran v. Xunlei Ltd.*,
  Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).........................2, 6

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ....................................................................................2, 4, 6

*Hom v. Vale, S.A.*,
  No. 1:15-CV-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ...............................6, 8

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825, 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007)..................................................4

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012) ...........................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) .............................................................................................10

*In re Orion Sec. Litig.*,
  No. 08 CIV. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) .............................2, 5, 6

*In re Vicuron Pharms., Inc. Sec. Litig.*,
  225 F.R.D. 421 (E.D. Pa. 2005)..............................................................................................4

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ......................................................................................2, 5, 6

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ........................................................................................4, 5, 9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  311 F.R.D. 373 (S.D.N.Y. 2015) ............................................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
  947 F. Supp. 2d 366 (S.D.N.Y. 2013)......................................................................................7

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    17-CV-06130 (LTS)(SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ................................4

*Peifa Xu v. Gridsum Holding Inc.*,
    No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ...................................7

*Takara Trust v. Molex, Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005) ..............................................................................................4

## Statutes

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................... *passim*

## Rules

Fed. R. Civ. P. 23 .................................................................................................... *passim*

Lead Plaintiff Movant Waits[1] respectfully submits this memorandum of law in further support of his motion for consolidation, appointment as Lead Plaintiff, and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 28); and in opposition to the competing motions of: (i) Ali Touat ("Touat") (Dkt. No. 16); and (ii) Joshua Marit ("Marit") (Dkt. No. 21).[2]

## PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in Teladoc stock.[3]  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as lead plaintiff the movant or group of movants with the greatest financial interest in the outcome of the litigation; and that satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Waits, who incurred a loss of approximately $310,032 in connection with his Class Period transactions in Teladoc stock.  *See* Dkt. No. 31-3.  Although the PSLRA does not define "financial interest," courts in the Second Circuit, including this District, recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018)

---

[1] All capitalized terms herein are defined in Waits's moving brief, unless otherwise indicated.  *See* Dkt. No. 30.

[2] Initially, one other putative Class member, Zhuoran Wu ("Wu"), filed a similar competing motion.  *See* Dkt. No. 33.  On July 18, 2024, Wu withdrew her competing motion, acknowledging that she "does not appear to have the largest financial interest."  Dkt. No. 36 at 2.

[3] Here, all movants that timely filed motions for appointment as lead plaintiff have sought consolidation of the Related Actions, apart from Marit.  *See* Dkt. Nos. 16, 21, 28, 33.  Defendants also "agree that, as an administrative matter, only one putative class action may proceed against Defendants, to be led by the Court-appointed lead plaintiff" and "consent to the consolidation of [the Related Actions.]"  Dkt. No. 37 at 1.

(equating financial interest with economic loss).  The table below sets forth the respective losses of the competing movants:

| Movant | Loss |
| --- | --- |
| Waits | $310,032 |
| Marit | $167,673 |
| Touat | $67,131 |

As the above table reflects, Waits's loss ($310,032) is ***more than $140,000*** larger than that incurred by Marit ($167,673), the movant claiming the second-largest loss after Waits, and, indeed, is larger than the losses incurred by both competing movants ***combined*** ($234,804).  As such, Waits clearly possesses the largest financial interest in this litigation within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

In addition to his significant financial interest in this litigation, Waits also strongly satisfies Rule 23's typicality and adequacy requirements.  Waits's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See In re Orion Sec. Litig.*, No. 08 CIV. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 8, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010).  In addition, Waits's significant loss gives him a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, he is aware of no conflict between his interests and those of the Class, and, as discussed in greater detail below, he has selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class.  *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *Dookeran v. Xunlei Ltd.*, Nos. 18-cv-467 (RJS) *et al.*, 2018 WL 1779348, at *2-3 (S.D.N.Y. Apr. 12, 2018).  Further demonstrating his adequacy, Waits has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his

2

understanding of the significance of his motion, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class.  *See* Dkt. No. 31-6 ¶¶ 1-7, 9-11.

Finally, anticipating a potential argument by Marit and/or Touat, Waits respectfully submits that there is nothing procedurally improper or prejudicial about the filing of the *Waits* Complaint on July 15, 2024, which alleged an additional corrective disclosure of the Defendants' fraud—namely, on October 24, 2023, when Teladoc disclosed its financial and operating results for the third quarter of 2023 (the "October 24 Disclosure") (*Waits* Complaint ¶¶ 8-9, 37-39)—that was not included in the first-filed *Stary* Complaint.  Because the *Waits* Complaint neither expanded the Class Period nor the Class definition, its filing did not expand the pool of prospective Class members that could have sought Lead Plaintiff appointment in this litigation.  As such, no concerns exist regarding adequacy of notice to the Class.  Moreover, the October 24 Disclosure plainly relates to the same course of fraudulent conduct alleged in the *Stary* Complaint—specifically, the Defendants' concealment of declining revenues and membership growth in the Company's BetterHelp service.  Given its obvious relevance to the allegations of the *Stary* Complaint, the inclusion of the October 24 Disclosure in the *Waits* Complaint cannot reasonably be characterized as mere gamesmanship.

For the reasons set forth herein, Waits respectfully submits that the Court should grant his motion in its entirety and deny the competing motions.

## ARGUMENT

## I.   THE COURT SHOULD APPOINT WAITS AS LEAD PLAINTIFF

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has

3

the largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. *See Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 WL 1634872, at *3-4 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). Once this presumption is triggered, it may be rebutted only upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Waits.

### A.     Waits Has the Largest Financial Interest of Any Competing Movant

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Foley*, 272 F.R.D. at 128 (equating financial interest with economic loss); *Chahal*, 2018 WL 3093965, at *4 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017) (same); *In re Comverse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss is "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Under the foregoing analysis, Waits clearly has the largest financial interest in this litigation among the competing movants. As the chart at p. 2 reflects, Waits's $310,032 loss is

***more than $140,000*** larger than the $167,673 loss incurred by Marit, the movant claiming the second-largest loss after Waits, and, indeed, is larger than the $234,804 loss incurred by both competing movants ***combined***. Thus, Waits clearly possesses the largest financial interest in this litigation within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.

**B.     Waits Satisfies the Applicable Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of this litigation—and thus being the statutorily presumed "most adequate plaintiff" (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb))—Waits has plainly made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94 ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").

First, Waits's claims in this litigation satisfy the typicality requirement of Rule 23(a)(3) because his claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Orion*, 2008 WL 2811358, at *5; *Janbay*, 272 F.R.D. at 120. Waits alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Teladoc, or by omitting to state material facts necessary to make the statements they did make not misleading. In addition, Waits, like other Class members, purchased Teladoc stock during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Teladoc's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's

claims, satisfy the typicality requirement of Rule 23.  *See Orion*, 2008 WL 2811358, at *5; *Janbay*, 272 F.R.D. at 120.

Second, Waits satisfies the adequacy requirement of Rule 23(a)(4) because his significant financial interest gives him a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, Waits is aware of no conflict between his interests and those of the Class, and, as discussed in greater detail below, Waits has selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class.  *Foley*, 272 F.R.D. at 131; *Dookeran*, 2018 WL 1779348, at *2-3.  Waits has further demonstrated his adequacy by submitting with his motion papers a detailed Declaration that provides information about himself, including his age, city and state of residence, investment experience, and professional and educational background, and that attests to, *inter alia*, his understanding of the significance of his motion and the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, as well as his readiness to shoulder these responsibilities on behalf of the Class.  *See* Dkt. No. 31-6 ¶¶ 1-7, 9-11.  Indeed, Waits was previously a licensed financial specialist, currently serves as a chief operating officer for a law firm, and has experience working with attorneys and serving in a fiduciary role, all of which is highly complementary to the work he would perform as a Lead Plaintiff under the PSLRA.  *See id.* ¶ 2.

Anticipating a potential argument by Marit and/or Touat, Waits respectfully submits that the inclusion of the October 24 Disclosure in the *Waits* Complaint was procedurally and substantively proper.  The filing of the *Waits* Complaint towards the end of the PSLRA's 60-day period to seek appointment as lead plaintiff (*see* 15 U.S.C. § 78u-4(a)(3)(A)(i)) did not prejudice or fail to provide adequate notice to any potential class members.  *See Hom v. Vale, S.A.*, No. 1:15-

CV-9539-GHW, 2016 WL 880201, at \*3-4 (S.D.N.Y. Mar. 7, 2016) (rejecting argument that notice for a second complaint, filed mere days before the PSLRA's statutory deadline to seek appointment as lead plaintiff and expanding the class period by well over a year, "did not provide class members with adequate information in considering appointment" under the PSLRA because "courts generally require republication of notice only 'where the amended complaint substantially alters the claims or class members'" (quoting *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F. Supp. 2d 366, 367 (S.D.N.Y. 2013))); *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at \*1-3 & n.3 (S.D.N.Y. Sept. 17, 2018) (taking no issue with new complaint filed day of lead plaintiff deadline expanding class period backwards approximately seven months). The *Waits* Complaint did not expand the class definition or class period alleged in the *Stary* Complaint—for example, by including additional eligible securities in the Class definition or extending the start or end date of the Class Period. *Compare Stary* Complaint ¶¶ 1, 53 (alleging a class including all persons who purchased or otherwise acquired Teladoc stock during the class period November 2, 2022 through February 20, 2024, inclusive), *with Waits* Complaint ¶¶ 1, 55 (alleging a class including all persons who purchased or otherwise acquired Teladoc stock during the slightly smaller class period November 3, 2022 through February 20, 2024, inclusive). Accordingly, the *Waits* Complaint did not expand the pool of prospective class members that could seek appointment as lead plaintiff in this litigation. No additional, previously unincluded group of Teladoc investors failed to receive notice of their right to seek Lead Plaintiff appointment following the filing of the *Waits* Complaint. Rather, *precisely* the same group of Teladoc investors qualified as Class members, and thus as potential Lead Plaintiff movants, under the *Waits*

7

Complaint as under the *Stary* Complaint.[4]  Accordingly, the filing of the *Waits* Complaint did not "substantially alter[] the claims or class members" and did not prejudice or fail to provide adequate notice to any potential class members.  *Hom*, 2016 WL 880201, at *4.

Moreover, the October 24 Disclosure was plainly related to the fraud allegations set forth in the first-filed *Stary* Complaint, and as such, its inclusion in the *Waits* Complaint is meritorious. The *Stary* Complaint and *Waits* Complaint both allege, *inter alia*, that, during the Class Period, Defendants concealed from Company investors that increased marketing spend on Teladoc's BetterHelp service deteriorated Teladoc's revenue, with little return for that investment, and that despite public statements that there remained "a long runway" for BetterHelp membership growth, BetterHelp's membership stagnated and then decreased in 2023.  *Stary* Complaint ¶ 35; *Waits* Complaint ¶ 36.  Accordingly, the *Waits* Complaint reasonably and plausibly alleges that Defendants' alleged fraud began to emerge on October 24, 2023, when Teladoc issued a press release and investor presentation revealing that, *inter alia*, Teladoc's revenue for the third quarter of 2023 had missed consensus estimates, the Company had negatively revised its fourth quarter and full year 2023 revenue outlook, and the Company's BetterHelp segment revenues and number of paying users had declined from the second quarter of 2023 to the third quarter of 2023.  *See Waits* Complaint ¶¶ 8, 37-38.  Teladoc's stock price fell sharply following these disclosures (*id.* ¶¶ 9, 39), just as it fell following subsequent disclosures regarding the same previously concealed issues, at the end of the Class Period on February 20, 2024, as alleged in both Related Actions. *See Stary* Complaint ¶¶ 8-15, 36-47 (alleging Teladoc's stock price fell on news revealing, *inter*

---

[4] Moreover, without conceding that the class period alleged in the *Stary* Complaint is the appropriate class period, for purposes of the present motion, Waits has adopted the *Stary* Complaint's larger class period to avoid excluding any potential class members.  *See* Dkt. No. 30 at 1 n.1.

8

*alia*, the Company's poor revenue performance and that the Company's BetterHelp segment revenues and number of paying users had declined from the second quarter of 2023 to the fourth quarter of 2023); *Waits* Complaint ¶¶ 10-16, 40-48 (same). Given the obvious relevance of the October 24 Disclosure to the fraud allegations in the Related Actions, its inclusion in the *Waits* Action cannot reasonably be characterized as mere gamesmanship, or an attempt to shoehorn unrelated and meritless loss allegations into this litigation, as one or more competing movants may argue. *See In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 115-17 (E.D.N.Y. 2012).

Accordingly, for all the foregoing reasons, Waits has plainly made a *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *Aude*, 2018 WL 1634872, at *3; *Kaplan*, 240 F.R.D. at 94.

\* \* \* \*

Because Waits has the largest financial interest in the relief sought by the Class and otherwise satisfies the applicable requirements of Rule 23, he is the presumptive "most adequate" plaintiff of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling Waits to appointment as Lead Plaintiff, the PSLRA requires *"**proof**"* that Waits is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

## II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-

9

selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Waits has selected and retained Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 31-7. Thus, the Court may be assured that by approving Waits's selection of counsel, the members of the Class will receive the best legal representation available.

## III.    THE COMPETING MOTIONS SHOULD BE DENIED

As discussed further in Section I.A., *supra*, no competing movant has alleged a larger financial interest in this litigation than Waits. Accordingly, it is self-evident that no other movant can satisfy the PSLRA's first criterion for appointment as Lead Plaintiff. This fact alone mandates denial of the competing motions.

## CONCLUSION

For the foregoing reasons, Waits respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Waits as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  July 30, 2024                               Respectfully submitted,

                                                   POMERANTZ LLP

                                                   */s/ Jeremy A. Lieberman*
                                                   Jeremy A. Lieberman
                                                   J. Alexander Hood II
                                                   James M. LoPiano
                                                   600 Third Avenue, 20th Floor
                                                   New York, New York 10016
                                                   Telephone: (212) 661-1100

10

Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Andrew Waits and Proposed Lead
Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Andrew Waits*

11