**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PAUL STARY, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TELADOC HEALTH, INC., JASON NATHANIALL GOREVIC, and MALA MURTHY, <br><br> Defendants. | Case No.: 7:24-cv-03849-KMK <br><br> Hon. Kenneth M. Karas |
| ANDREW WAITS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TELADOC HEALTH, INC., JASON GOREVIC, and MALA MURTHY, <br><br> Defendants. | Case No.: 7:24-cv-05339-KMK |

**ALI TOUAT'S MEMORANDUM OF LAW IN REPLY**
**TO THE COMPETING MOTIONS FOR LEAD PLAINTIFF**

## TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ........................................................................................ 1

II.    ARGUMENT ................................................................................................................ 2

       A.     Waits and Marit Fail to Address Their Atypical Trading Patterns. ............................ 2

       B.     No Proof Exists to Rebut the Presumption in Favor of Touat's Appointment as
              Lead Plaintiff. ................................................................................................... 5

III.   CONCLUSION ............................................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Basic Inc. v. Levinson*,
 485 U.S. 224 (1988).................................................................................................... 3

*Batter v. Hecla Mining Co. et al.*,
 Nos. 19-cv-4883 (ALC), et. al., 2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020)...................... 6

*Bensley v. FalconStor Software, Inc.*,
 277 F.R.D. 231 (E.D.N.Y. 2011) ........................................................................................ 5

*In re Facebook, Inc.*,
 288 F.R.D. 26 (S.D.N.Y. Dec. 6, 2012) .............................................................................. 7

*George v. China Auto. Sys., Inc.*,
 No. 11 Civ. 7533(KBF), 2013 WL 3357170 (S.D.N.Y. July 3, 2013) ................................... 5

*Marcus v. J.C. Penney Co.*,
 Nos. 6:13-CV-736, et. al., 2014 WL 11394911 (E.D. Tex. Feb. 28, 2014)............................. 4

*Plymouth Cty. Ret. Sys. v. Apache Corp.*,
 566 F. Supp. 3d 712 (S.D. Tex. 2021) ................................................................................. 4

*Porzio v. Overseas Shipholding Grp.*,
 12 Civ. 7948, et. al., 2013 WL 407678 (S.D.N.Y. Feb. 1, 2013) ........................................... 5

*Rodriguez v. Draftkings Inc.*,
 No. 21 Civ. 5739 (PAE), et al., 2021 WL 5282006 (S.D.N.Y. Nov. 12, 2021) ................... 3, 4

*In re Safeguard Scis.*,
 216 F.R.D. 577 (E.D. Pa. 2003)........................................................................................... 6

*Sallustro v. Cannavest Corp.*,
 93 F. Supp. 3d 265 (S.D.N.Y. 2015)..................................................................................... 1

*Schaffer v. Horizon Pharma plc*,
 No. 16-CV-1763 (JMF), 2016 WL 3566238 (S.D.N.Y. June 27, 2016) ................................. 6

*Semerenko v. Cendant Corp.*,
 223 F.3d 165 (3d Cir. 2000)................................................................................................. 4

*Tsirekidze v. Syntax- Brillian Corp.*,
 Nos. CV-07-2204-PHX-FJM, et al., 2008 WL 942273 (D. Ariz. Apr. 7, 2008)...................... 2

*In re Turquoise Hill Res. Ltd.*,
 No. 20-cv-8585 (LJL), 2021 WL 148752 (S.D.N.Y. Jan. 15, 2021)....................................... 7

*In re Veeco Instruments, Inc.,*
    233 F.R.D. 330 (S.D.N.Y. 2005) ........................................................................................ 5

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................ 7

## I.    PRELIMINARY STATEMENT

Only three motions for lead plaintiff remain: (1) Ali Touat, (2) Andrew Waits, and (3) Joshua Marit.[1] Touat has the largest financial interest in the Actions because his "recoverable losses" are greater than any of the other movants for lead plaintiff and he otherwise satisfies the typicality and adequacy requirements of Rule 23. *See* ECF No. 38 (Touat's Opposition Brief). Touat, therefore, is the presumptive lead plaintiff pursuant to the PSLRA and applicable case law.

As discussed in Touat's opposing brief, Waits and Marit incorrectly inflated their financial interests by including unrecoverable losses in their motion papers. Waits sold every single one of his Teladoc shares before the end of the Class Period, and Marit sold nearly all of his Teladoc shares by August 2, 2023, well before the end of the Class Period. Both Waits and Marit engaged in an atypical trading strategy otherwise known as "in-and-out" trading. Their trading history shows that they were trading Teladoc stock based on movements in the price of the stock and not on any public information being disseminated by the Company. This subjects Waits and Marit to "unique defenses" concerning the securities fraud element of "reliance" that renders them inadequate to represent the Class. *See*, *e.g.*, *Sallustro v. Cannavest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) (collecting cases).

Touat, on the other hand, presents none of these issues. He easily meets the typicality and adequacy requirements of Rule 23. Touat is typical as he acquired 10,412 Teladoc shares during the Class Period, held all 10,412 shares and suffered a recoverable loss of $67,131. Nor does Touat have any interests adverse to the Class and, as demonstrated in his declaration filed with his opening motion, he will zealously represent the Class. *See* ECF No. 18-4 (Touat's Declaration). Touat is also adequate as he shares common interests with the unnamed Class members; and he

---

[1] On July 18, 2024 movant Zhuoran Wu filed a Notice of Withdrawal. *See* ECF No. 36.

will vigorously prosecute the Actions with the assistance of his qualified chosen counsel. Moreover, Touat is ideally suited to serve as lead plaintiff given his 30 years of investing experience and his commitment to act in the best interest of the Class, obtain the largest recovery possible, and provide effective representation.

In fact, Waits and Marit do not challenge Touat's losses, adequacy, typicality or ability to oversee the litigation. Indeed, there has been "no argument against [Touat] other than pointing out [his] relatively low financial stake in the litigation." *Tsirekidze v. Syntax- Brillian Corp.*, Nos. CV-07-2204-PHX-FJM, et al., 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing investor that lacked the largest financial interest as lead plaintiff); *see also* ECF Nos. 40 and 41 (the Opposition Briefs of Waits and Marit) (making no substantive arguments against Touat other than stating his financial interest is smaller than the financial interest claimed by Waits and Marit). This is their ***only*** argument against Touat, and it is baseless considering he suffered the largest recoverable loss out of any movant.

Accordingly, for these reasons, Touat respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II.     ARGUMENT

### A.     Waits and Marit Fail to Address Their Atypical Trading Patterns.

In their opposition briefs, Waits and Marit each claim that they are entitled to the "most adequate plaintiff" presumption simply because they claim to have the largest financial interest. *See* ECF Nos. 40 and 41 (the Opposition Briefs of Waits and Marit). But this is entirely against both the PSLRA and case law. Not only does the "most adequate plaintiff" need to have the "largest financial interest" they must ***also*** satisfy Rule 23's typicality and adequacy requirements ***before*** the presumption is triggered. Here, Waits and Marit are not typical of the Class they seek to represent because they engaged in "in-and-out" trading throughout the Class Period that would

"dog" the Class during the life of this litigation should either one be appointed. *See Rodriguez v. Draftkings Inc.*, No. 21 Civ. 5739 (PAE), et al., 2021 WL 5282006, at *10 (S.D.N.Y. Nov. 12, 2021) (rejecting in-and-out trader as lead plaintiff where atypicality issues would prejudice class in later stages of litigation) (citing *Basic Inc. v. Levinson*, 485 U.S. 224, 228 (1988)).

Specifically, shareholders that engage in in-and-out trading strategies are unable to establish the element of "reliance" in a Section 10(b) and Rule 10b-5 securities fraud lawsuit, as their trading pattern suggests they did not rely on the alleged misstatements and omissions. As explained in Touat's opposition, Waits and Marit both had patterns of buying Teladoc shares and then selling all, or nearly all, their shares before the end of the Class Period. *See* ECF No. 38 at 8 and 11. When properly disregarding the unrecoverable losses they supposedly sustained on these trades, Marit's recoverable loss falls to approximately $56,000, and Waits nets out with a gain of nearly $81,000.

This type of trading pattern raises issues of "reliance" as it is unclear if Waits and Marit relied on Defendants' alleged misrepresentations or were trading on unrelated factors, such as abnormalities in the movement of Teladoc's stock price. If the latter is true, Defendants may be able to successfully rebut the "fraud-on-the-market" presumption of reliance and leave the Class unable to satisfy "predominance" under Rule 23(b) during class certification proceedings. *See*, *e.g.*, *Semerenko v. Cendant Corp.*, 223 F.3d 165, 179 n.7 (3d Cir. 2000) ("the defendant may also rebut the presumption by showing that the investor would have purchased or sold the securities at that price even with full knowledge of the misrepresentation, that the investor traded in the securities based on an actual belief that the market price was inaccurate, or that the investor's decision to trade was based on some factor other than the market price."). Based on their trading patterns, Defendants will argue that Waits and Marit were not relying on any alleged false

3

statement and, in turn, should not be able to avail themselves of the "fraud-on-the-market" presumption of reliance. *See Draftkings*, 2021 WL 5282006, at \*10 (rejecting movant because of potential reliance defenses and collecting cases holding similarly); *see also Plymouth Cty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 719 (S.D. Tex. 2021) (high-frequency trader "raise[s] serious concerns about [a movant's] typicality and about his susceptibility to the defense that he was trading in response to information other than the alleged misstatements and omissions" and ultimately rejected movant); *Marcus v. J.C. Penney Co.*, Nos. 6:13-CV-736, et. al., 2014 WL 11394911, at \*7 (E.D. Tex. Feb. 28, 2014) (rejecting movant engaged in "rapid trading activity," as "[t]his activity would not be typical of the class because the proposed class's damages stem from reliance on Defendant's financial statements"); *Porzio v. Overseas Shipholding Grp.*, 12 Civ. 7948, et. al., 2013 WL 407678, at \*3 (S.D.N.Y. Feb. 1, 2013) ("Even if the alleged losses [of in-and-out traders] could, on some theory, establish the greatest financial interest, . . . the OSG Investor Group is subject to 'unique defenses that render [them] incapable of adequately representing the class,' thus rebutting any presumptive lead plaintiff status."); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 241 (E.D.N.Y. 2011) ("Having considered the parties' respective arguments, the Court finds that the Fund has failed to demonstrate that it will be an adequate lead plaintiff because it was a total in-and-out trader and may be unable to demonstrate loss causation."); *In re Veeco Instruments, Inc.,* 233 F.R.D. 330, 333-34 (S.D.N.Y. 2005) (investor who sold stock prior to any corrective disclosure would "at the very least, [be] subject to a unique defense").

Where, as here, movants present "unique defenses" based on their "in-and-out" trading strategy, courts routinely refuse to allow those movants to serve as lead plaintiffs or class representatives. *See, e.g., George v. China Auto. Sys., Inc.*, No. 11 Civ. 7533(KBF), 2013 WL

4

3357170, at *7 (S.D.N.Y. July 3, 2013) (denying class certification where lead plaintiffs "subject[ed] themselves to unique inquiries regarding their trading patterns and why they made investment decisions… These inquiries will also require considerable time and resources and indeed threaten to become the focus of the litigation."); *In re Safeguard Scis.,* 216 F.R.D. 577, 582 (E.D. Pa. 2003) ("In light of Lead Plaintiff Adal's employment as a day trader (or 'position trader') who typically focuses on technical price movements rather than price, we find that even under a fraud-on-the-market theory, Defendants have presented compelling reason to rebut the reliance presumption.").

In selecting a lead plaintiff, the Court's concern is not whether Defendants will ultimately succeed on a "unique defense." *Batter v. Hecla Mining Co. et al.,* Nos. 19-cv-4883 (ALC), et. al., 2020 WL 1444934, at *7 (S.D.N.Y. Mar. 25, 2020) ("Where there is at least a potential that the presumptively most adequate Lead Plaintiff will be subject to unique defenses . . . disqualification is appropriate."); *Schaffer v. Horizon Pharma plc,* No. 16-CV-1763 (JMF), 2016 WL 3566238, at *3 (S.D.N.Y. June 27, 2016) ("[M]any courts have rejected appointments of Lead Plaintiffs based on *potential* risks.") (emphasis in original). Instead, the Court should deny Waits' and Marit's motions because there is no reason to subject the Class to the risk that class certification will be denied, or even that there will be an expensive and lengthy distraction litigating their statuses as an in-and-out traders.

### B.    No Proof Exists to Rebut the Presumption in Favor of Touat's Appointment as Lead Plaintiff.

Importantly, because Touat has the largest financial interest in this litigation, the PSLRA provides a rebuttable presumption that it is the most adequate plaintiff to represent the Class. The "strong presumption" in favor of appointing Touat as Lead Plaintiff can only be rebutted with "proof" that Touat is somehow atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also*

5

*In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 WL 148752, at *5 (S.D.N.Y. Jan. 15, 2021) (citing *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.")). No such proof exists here. Touat has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Touat is both typical and adequate and his Motion should be granted in its entirety.

## III.    CONCLUSION

For the foregoing reasons, Touat respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: August 6, 2024                            Respectfully Submitted,

                                                 **LEVI & KORSINSKY, LLP**

                                                 By: */s/ Adam M. Apton*
                                                 Adam M. Apton (AS-8383)
                                                 33 Whitehall Street, 17th Floor
                                                 New York, NY 10004
                                                 Tel: (212) 363-7500
                                                 Fax: (212) 363-7171
                                                 Email: aapton@zlk.com

                                                 *Lead Counsel Ali Touat and [Proposed]*
                                                 *Lead Counsel for the Class*