# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

PAUL STARY, individually and on
behalf of all others similarly
situated,

                 Plaintiff,

     v.                                24 CV 3849 (KMK)


TELADOC HEALTH, INC., JASON
NATHANIALL GOREVIC and MALA
MURTHY,

                 Defendants.

------------------------------------x

ANDREW WAITS, individually and on
behalf of all others similarly
situated,

                 Plaintiff.


     v.                                24 CV 5339 (KMK)


TELADOC HEALTHY, INC., JASON
GOREVIC and MALA MURTHY

                 Defendants.

------------------------------------x

                                       United States Courthouse
                                       White Plains, New York
                                       November 14, 2024


B e f o r e:  THE HONORABLE KENNETH M. KARAS,
                            District Judge




            Angela O'Donnell - Official Court Reporter
                        (914)390-4025

A P P E A R A N C E S:


LEVI & KORSINSKY
          Attorneys for Paul Stary
ADAM M. APTON



ROBBINS GELLER RUDMAN & DOWD
          Attorneys for Joshua Marit
DAVID A. ROSENFELD



POMERANTZ LLP
          Attorneys for Andrew Waits
JOSEPH A. HOOD II



PAUL WEISS RIFKIN WHEATON & GARRISON LLP
          Attorneys for Defendants
AUDRA J. SOLOWAY

Case 7:24-cv-03849-KMK    Document 74-2    Filed 08/06/25    Page 4 of 9

Mr. Marit's trade order at this point in the case, it's going to be an issue later on in the case.  And why?  It shouldn't be.  It shouldn't be when we have Mr. Touat, who has his purchases, a substantial financial interest in the case, $70,000.

THE COURT:  Yes.

MR. APTON:  That doesn't present the same issues that would not have the effect of dogging the class, as the judge said, as the court said in *Rodriguez v. DraftKings*.

So what is the correct chronology of the purchases and sales that Mr. Marit made on any given day or multiple days?  From our count, we have it right.  Counsel, for Mr. Marit has presented a different order, ordering of the trades that nets a different number.  I would say that that's not correct, because we took what was in the certification that was initially filed with the opening motion papers.

THE COURT:  Okay, all right, anything else you want to add to your papers?

MR. APTON:  Thank you, your Honor.

THE COURT:  All right.

MR. ROSENFELD:  Thank you, your Honor.

THE COURT:  Go ahead.

MR. ROSENFELD:  Just to repeat, with regard to Mr. Waits, I won't go into it too much, but at the end of the day he has not provided -- number one, the fact that he filed

Angela O'Donnell - Official Court Reporter
(914)390-4025

the day before the lead plaintiff motion deadline certainly has been viewed by many courts as being gamesmanship to the extent that other lead plaintiff movants will not have the opportunity to file because they're not aware of that additional disclosure, which would give them a potential claim in the case.  So courts have looked upon that and said, in a circumstance such as that where you have a complaint being filed at the 11th hour, that is not going to be a typical or adequate lead plaintiff and those motions have typically been denied.  Especially where, here, where there have been no factual allegations as to how the drop disclosed any fraud.  In particular in the *Bensley v. FalconStor* case, your Honor, which was in the Eastern District of New York.  The Court there said that there was no disclosure in that announcement that was alleged as that additional disclosure.  There's no announcement there about disclosing anything related to fraud.  Here, it was simply a third quarter earnings announcement.  There was no complaint filed in response to the disclosure.  There was nothing that told investors that a fraud had occurred and there was no response from anyone.  The stock went down I think less than 4 percent.  So while it certainly wasn't a basis for securities fraud at that point in time, and defendants have argued that today, if the case proceeds with Mr. Waits I'm sure they'll argue that later on as well.

So we do not believe that there is any way basis for

on notice, ask the additional corrective, and granting --
holding these motions in abeyance during some briefing to see
if, in fact, any other class members similarly situated to
Mr. Waits do come forward after seeing the amended notice.

THE COURT:  Okay, thank you very much.

MR. HOOD:  Thank you.

THE COURT:  So for other would-be, lead plaintiffs,
you want to respond to that last point?  Which one of you wants
to go first?

MR. ROSENFELD:  Sure.  The last two points that were
made, number one, about new notice, your Honor, that would not
remedy the problem that there's no factual allegations in the
complaint of fraud or for disclosure of fraud.  So even if
there were to be new notice, it would not take a way from the
fact that there's nothing in the Waits complaint talking about
a basis for a claim for fraud based on the October 23rd
decline.

Going back to the next point, which is that
defendants would jump up and down at the motion to dismiss
stage if we were to include our additional allegation.  Your
Honor, in the *ABIOMED* case, the court there said very clearly
that plaintiff could still allege a drop later on but it's
premature at this point because it's not supported by the
alleged facts.  As your Honor knows, you have to look at the
complaint on file today, and right now that complaint, the

Angela O'Donnell - Official Court Reporter
(914)390-4025

Waits complaint, has no allegation, no factual allegation supporting a claim for fraud based on the October 23rd decline because nothing was disclosed other than the fact that they reported earnings investors were disappoint with.

THE COURT:  Okay, thank you.

MR. APTON:  Your Honor, I'll just add that it's not how the PSLRA notice provisions work.  Someone files an additional complaint doesn't start the clock over again, because we could do as counsel suggests and lo and behold, 45 days from now someone can file additional complaint with additional corrective disclosures.  Start the notice period over again?  No, that's not how the PSLRA works.

Thank you, your Honor.

THE COURT:  Okay.

MR. HOOD:  Certainly, your Honor, to address some of those points.

I'm not sure I understand the point that there's been allegation of fraud in connection with the October 24th disclosure.  The Waits complaint quite clearly alleges that when the defendants made this announcement, the company's stock price fell causing the shares that class members had previously purchase at artificially inflated prices fall down in value. The allegation subsequently are identical to the fraud allegation regarding the February 2024 disclosure, this certainly is alleged as a corrective disclosure of fraud.  I'm

whether increase spend would be marginally inefficient due to market sturation.  And even D, which is about the alleged long runway for membership growth still relates back to -- largely due to BetterHelp marketing.  The theory that I understand this case to be asserting is there was somehow alleged misstatements made having to do with advertising spend.

So I don't see a basis to conclude that the October corrective disclosure date in any way relates for the reasons articulated in our letter and the cases that we cited.

And, your Honor, as I mentioned earlier, if there were a way to resolve this while allowing defendants to raise arguments on a -- presumably there will be different complaint going forward where the fraud will be -- the alleged fraud will be more clearly laid out, we would like to just sort of reserve all arguments for that time.

THE COURT:  Of course.

MS. SOLOWAY:  This would be without prejudice, obviously, to arguments at that time.

THE COURT:  Sure, that makes sense.

MS. SOLOWAY:  Thank you, your Honor.

MR. ROSENFELD:  Your Honor, just to clarify.

THE COURT:  You're going to continue the kumbaya moment?

MR. ROSENFELD:  Just to clarify.  We were careful in our papers to craft the argument as defendants will argue.

It's not our position, it's the position that defendants will argue, and in fact they did argue it, so we weren't that far off.

THE COURT:  Right.

MR. ROSENFELD:  Thank you, your Honor.

THE COURT:  All right, anything else from anybody?

MR. HOOD:  Your Honor, I'll simply note that the defendants filed two letters here.  The first letter they filed on July 25th where they took no position and reserved all rights.  Only after Mr. Ali -- pardon me, Mr. Touat and Marit raised these arguments, and the defense expressly acknowledged this in their letter, did they begin making these additional arguments.  I think the fact that these points are being litigated so aggressively at the outset already is giving the defendants a perceived window to start chipping away at the class' claims.

That's all for me your Honor.  I rest.

THE COURT:  Okay.

All right, so I'm going to give you a partial ruling today, and just in terms of the overview and the background that's relevant to the pending motions.

So Stary and Waits have brought actions against Teladoc Health, Inc., and other defendants that allege violations of 10(b) of the '34 Act by making false or misleading statements about Teladoc's profitability and plans