UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PAUL STARY, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    v.<br><br>TELADOC HEALTH, INC., JASON NATHANIALL GOREVIC, and MALA MURTHY,<br><br>          Defendants. | Case No. 7:24-cv-03849 (KMK)<br><br>STIPULATED AND [PROPOSED] PROTECTIVE ORDER |

KENNETH M. KARAS, United States District Judge:

WHEREAS, Lead Plaintiffs Joshua Marit and Ali Touat ("Plaintiffs") and Defendants Teladoc Health, Inc., Jason Nathaniall Gorevic, and Mala Murthy ("Defendants," and collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of this action, and to guard against the waiver of attorney-client privilege or work product protection pursuant to Federal Rule of Evidence 502(d), and other applicable privileges (the "Protective Order");

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

1

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this action will involve confidential documents or information the public disclosure of which will cause harm to the person, Party, or third-party producing such material (the "Producing Party") and/or a third party to whom a duty of confidentiality is owed; and to protect against injury caused by dissemination of confidential documents and information; and to guard against the waiver of attorney-client privilege or work product protection pursuant to Federal Rule of Evidence 502(d), and other applicable privileges, this Court finds good cause for issuance of an appropriately tailored protective order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

## I.    Designation of Protected Discovery Material

1.    Any person subject to this Protective Order who receives (the "Receiving Party") from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The Producing Party may designate Discovery Material as Confidential only such portion of such material that it reasonably and in good faith believes consists of:

   (a) previously nondisclosed financial information;

   (b) previously nondisclosed material relating to ownership or control of any non-public company;

2

(c) previously nondisclosed business plans, product development information, marketing plans, or any other commercially sensitive or proprietary commercial information;

(d) non-public information that may reveal a trade secret or other confidential research, development, or commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(1)(G);

(e) previously nondisclosed material relating to proprietary trading strategies or securities holdings or trading of any kind, whether actual or contemplated;

(f) personnel data of the Parties or their employees, including but not limited to, information regarding employment applications; employment references; wages and income; benefits; employee evaluations; medical evaluation and treatment and related records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation;

(g) any information of a personal or intimate nature regarding any individual;

(h) any information restricted or prohibited from disclosure by federal, state, or foreign data protection laws or other privacy obligations, including under the Health Insurance Portability and Accountability Act (HIPAA) and regulations thereunder;

(i) any other category of information hereinafter given confidential status by the Court; and

(j) any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or

testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying Confidential Discovery Material.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or that Party's counsel may designate such portion as "Confidential" by affixing the legend "Confidential" to each page (or its image, if produced electronically) containing any Confidential Discovery Material or, in the case of ESI produced in native format, audio files, or video files, by including "Confidential" in the file or directory name; and, where Discovery Material is only partially confidential, applying appropriate redactions to said Discovery Material with the confidential information redacted at the time any party desires to publicly disclose or file the Discovery Material.

4. With respect to deposition transcripts, a Producing Party or that Party's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days of receipt of the transcript of deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which circumstance all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the Producing Party or that Party's counsel. During the period following the conclusion of a deposition until the time to make designations above has expired, the entire deposition transcript will be treated as if it had been designated Confidential. In the

event the deposition is video recorded, the original and all copies of the recording containing Confidential Discovery Material shall be marked by the video technician to indicate that the contents of the recording are subject to this Stipulated Protective Order, substantially along the lines of: "This recording contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, pursuant to written stipulation of the Parties."

5.    If at any time before the trial in this action, a Producing Party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

## II.    Use of Protected Discovery Material

1.    No person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Producing Party as Confidential to any other person, except to:

(a) the Parties to this action and any officers, directors, and employees thereof;

(b) counsel retained specifically for this action, including any paralegals, clerical and other assistants, and other regular and temporary employees employed by such counsel and assigned to this matter and Defendants' in-house counsel;

(c) the Parties' insurers and counsel to their insurers;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other

litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(e) any mediator or arbitrator, and their staff, that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;[1]

(f) as to any document, its author, its addressee, and any other person or entity indicated on the face of the document or an accompanying communication as having received a copy or, in the case of meeting minutes, an attendee of the meeting, and any such person's counsel in connection with this action;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, or who does so testify, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any jury consultants and mock jurors engaged in connection with this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(i) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the

---

[1] Any executed Non-Disclosure Agreement, including those signed by a Party's consultant, investigator, or expert, shall be kept by counsel for the Party that retained such person executing such Non-Disclosure Agreement. Absent Court order, including any scheduling order concerning the disclosure of experts, nothing herein shall require any Party to disclose the existence of such consultant, investigator, or expert to another Party.

form annexed as Exhibit A hereto, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with this action;

(j) stenographers and videographers engaged to prepare transcripts of testimony in this action; and

(k) this Court, any appellate court, and the court reporters and support personnel for the same.

2. Before any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs II.1(d)-(e) and II.1(g)-(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. A copy of the Non-Disclosure Agreement shall be retained by counsel for the Party who discloses Confidential Discovery Material until the final disposition of this action, including all appeals.

3. No information that is in the public domain or which is already known by the Receiving Party or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential under this Protective Order.

4. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds for the objection. If the Parties cannot reach agreement after meeting and conferring, counsel for all Parties may address their dispute to this Court in accordance with

Paragraphs I(B) and II(A) of this Court's Individual Practices and Local Civil Rule 37.2. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Protective Order.

5.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five (5) business days of receiving the request or becoming aware that a request calls for such information, the Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the Party seeks a protective order or other relief from this Court within twenty-one (21) days of that notice, the Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

6.    Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

7.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request will, within two (2) business

8

days of such request, provide written notice to the Producing Party. Upon receiving such notice, the Producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.  The Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's written permission or unless a court with jurisdiction over any objection asserted by the Producing Party orders otherwise.

8.    Without written permission from the Producing Party or court order secured after appropriate notice, a Party may not file in the public record in this action any Confidential Discovery Material.  A Party that seeks to file any such material must make a good faith effort to have such materials filed under seal in compliance with this Court's Individual Practices.

9.    Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must within a reasonable time: (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use reasonable efforts to retrieve all unauthorized copies of the Confidential Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the Non-Disclosure Agreement attached hereto as Exhibit A.

10.    This Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Protective Order is being entered

9

without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

11.    Any use of Confidential Discovery Material at trial shall be governed by a separate agreement or order.

12.    All persons seeking to file redacted documents or documents under seal with the Court shall follow Section IX of this Court's Individual Practices.

### III.    Non-Waiver of Privileged Materials

1.    This Protective Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Protective Order, if a Producing Party discloses information, inadvertently or otherwise, in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or attorney work product protection ("Privileged Material"), the disclosure of that Privileged Material will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Material and its subject matter. The provisions of Federal Rule of Evidence 502(b) are inapplicable to the disclosure of Privileged Material under this Protective Order. This Protective Order shall be interpreted to provide the maximum protection allowed under applicable law.

2.    The process for handling and return of disclosed Privileged Material shall be as follows:

    (a) If the Producing Party has disclosed or made available to the Receiving Party information it claims to be Privileged Material, the Producing Party may, within a reasonable time of discovery of such disclosure, notify the Receiving Party of its claim and the basis for it, in writing, and simultaneously produce or amend, as

applicable, the Producing Party's privilege log consistent with the requirements of Section IV, *infra*, (collectively, the "Privileged Material Notice").

(b) Upon such notification, the Receiving Party must:

   i. take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Material, any reasonably accessible copies it has, and any work product reflecting the contents of the Privileged Material;

   ii. not use or disclose the information until the privilege claim is resolved; and

   iii. take reasonable steps to retrieve the information if the Receiving Party disclosed it to any other person or entity before receiving the Privileged Material Notice.

(c) For purposes of this Protective Order, Privileged Material that is not reasonably accessible because of undue burden or cost is sequestered.

(d) Upon the request of the Producing Party, the Receiving Party shall provide a verification in writing to the Producing Party that it has undertaken the foregoing efforts, and that it will cease further review, dissemination, and use of the Privileged Material.

3. The process for contesting a claim that information is Privileged Material shall be as follows:

(a) If the Receiving Party contests the claim of information as being Privileged Material, the Receiving Party must notify the Producing Party in writing of the

Receiving Party's objection within a reasonable time before the end of fact discovery.

(b) Any objection to a Privileged Material Notice shall be made exclusively on the basis of information provided to the objecting Party in the Privileged Material Notice, including the Log that will be provided simultaneously, and shall not refer, quote, or cite any Privileged Material beyond the information contained in the Log.

(c) Following the receipt of such an objection, the objecting Party and the Producing Party shall meet and confer in an effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected.

(d) If the Parties cannot resolve their disagreement, any party may promptly present the issue to the Court for a determination of the Producing Party's claim of privilege or protection by submitting any document(s) in dispute under seal in compliance with Fed. R. Civ. P. 26(b)(5)(B). Any Party making a motion to the Court for an order compelling disclosure of the information claimed as unprotected must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

(e) While any such application is pending, the Privileged Material subject to that application will be treated as privileged until the Court rules. If the Court determines that the material at issue is privileged or protected, the Receiving Party must comply with the requirements of subparagraph III.2(b).

(f) The Producing Party retains the burden of establishing the privileged or protected nature of the Privileged Material.

12

(g) The Producing Party must preserve the information.

## IV.    Privilege Logs

1.        Should any documents be withheld by any Party on the basis of attorney/client privilege, work-product doctrine, or any other applicable privilege, immunity or protective doctrine (collectively, the "Privileges" and each a "Privilege"), or claimed to be protected by any Privilege pursuant to subparagraph III.2.(a), *supra*, the Producing Party will produce a metadata log,[2] treating each document withheld for Privilege separately, that is produced in a searchable Microsoft Excel spreadsheet and sets forth in separate columns the information described below for each such document (whether electronic or hard copy) ("Log"). To the extent a document's metadata contains privileged information, that metadata shall be redacted in the Log.

> (a)   A uniquely assigned "PRIV ID" Number[3]
>
> (b)  All_Custodians (if applicable);
>
> (c)  The Sent Date/Time of email documents;
>
> (d)  The Creation Date/Time of non-email documents;
>
> (e)  Any non-privileged email subject line, for email documents;
>
> (f)  The File Name of non-email documents;
>
> (g)  Title;
>
> (h)  Last Saved/Edited By;
>
> (i)  File Extension;
>
> (j)  Attachment Count;

---

[2] Hard copy documents or other documents without metadata shall be logged in accordance with Federal Rule of Civil Procedure 26(b)(5).

[3] The "Priv ID" number for a particular Document will not change, regardless of whether a Party's log is amended from time to time.

13

(k) Author;

(l) From;

(m)To;

(n) CC;

(o) BCC;

(p) An indication of which, if any, author/addresser, addressee(s), CC recipients, and BCC recipients identified is an attorney (or an employee of any Defendant's legal department), by placement of an asterisk ("*") next to the individual's name. If there is no attorney listed as the author or recipient of a document on the privilege log, the name of the attorney(s) or privilege actor(s) whose advice is being sought, provided, or reflected or whose work product is included, or reflected shall be identified; and

(q) The Privilege(s) or other protection claimed.

2.    Notwithstanding a claim of privilege, any document containing both privileged and non-privileged matter must be produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself.

3.    Redacted documents need not be logged so long as (a) for emails the bibliographic information is not redacted; (b) all agreed upon non-privileged metadata fields are produced; (c) the redaction is noted on the face of the document and in the redaction field of the load file; (d) the reason for the redaction (*i.e.*, "Redacted for AC Privilege") is noted on the face of the document as produced; and (e) the redactions are implemented in such a way that sufficient context is available to understand the nature of the document and assess the basis of the claim of privilege.

14

4.      Should the Receiving Party have a good faith reason to believe a redacted document, or the information provided in the metadata Log described in IV.1., does not provide adequate information to assess the claim of privilege, the Receiving Party may request additional information and the Producing Party will supplement with a privilege log for that entry in compliance with Federal Rule of Civil Procedure 26(b)(5).

## V.    Use of Artificial Intelligence Tools

1.      To protect all Discovery Material, any Party receiving Discovery Material ("Reviewing Party") shall use artificial intelligence ("AI") tools with such material solely for this proceeding and only where the AI tool and its use satisfy all of the following requirements:

(a) the AI tool is used under a written enterprise or professional agreement and is deployed within a secure, access-controlled environment limited to the Reviewing Party's authorized users (including counsel, experts, and vendors acting on its behalf);

(b) Discovery Material is not used to train, fine-tune, improve, develop, benchmark, or otherwise contribute to any AI model or service accessible outside that environment, except as necessary to provide the requested functionality for this proceeding;

(c) the Reviewing Party has a commercially reasonable mechanism to effect timely deletion of Discovery Material; and

(d) the AI tool is subject to technical and contractual safeguards reasonably designed to protect Discovery Material against unauthorized access, use, or disclosure, including encryption.

## VI.  Duties Upon Termination

1.      This Protective Order shall survive the termination of the litigation. Within sixty (60) days of the final disposition of this action, or as soon as practicable, all reasonably accessible Discovery Material designated as "Confidential," shall be destroyed or returned to the Producing Party unless the document has, without restriction as to disclosure, been introduced as an exhibit during a deposition, referenced in a draft or final expert report, offered into evidence, or filed on the Court's docket. Upon written request of the Producing Party, the Receiving Party will certify that the Confidential Discovery Material was returned or destroyed.

2.      Notwithstanding the foregoing requirements to return or destroy documents, counsel and their experts may retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence including emails, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential information. Any retained Confidential Discovery Material shall continue to be protected under this Protective Order. Nothing in this Protective Order shall require counsel to destroy Confidential Discovery Material in their emails or in systems designed for disaster recovery or business continuity backups as long as such material continues to be treated in accordance with this Protective Order. Provided that the Receiving Party makes reasonable efforts to comply with this provision, failure to destroy Confidential Discovery Material shall not be deemed a violation of this provision.

***

3.      All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall

16

retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: June 24, 2026

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
DANIEL J. KRAMER
AUDRA J. SOLOWAY
DAVID P. FRIEDMAN
DANIEL SINNREICH
EMILY MILLER

_/s/ David P. Friedman_
DAVID P. FRIEDMAN

1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  212/373-3000
dkramer@paulweiss.com
asoloway@paulweiss.com
dfriedman@paulweiss.com
dsinnreich@paulweiss.com
emiller@paulweiss.com

_Attorneys for Teladoc Health, Inc., Jason Gorevic, and Mala Murthy_

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
MICHAEL G. CAPECI
NATALIE C. ARENELLA

_/s/ Michael G. Capeci_
MICHAEL G. CAPECI

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com
narenella@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L HOPKINS
GREGORY M. POTREPKA
1111 Summer Street, Suite 403
Stamford, CT  06905
Telephone:  203/992-4523
shopkins@zlk.com
gpotrepka@zlk.com

_Lead Counsel for Lead Plaintiffs_

IT IS SO ORDERED.
June 25, 2026
White Plains, New York

HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

17

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| PAUL STARY, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>TELADOC HEALTH, INC., JASON NATHANIALL GOREVIC, and MALA MURTHY,<br><br>                    Defendants. | Case No. 7:24-cv-03849 (KMK)<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

KENNETH M. KARAS, United States District Judge:

I, _____, a resident of _____, being duly sworn, state that:

1.      I have carefully read and understood the provisions of the Protective Order in this action signed by the Court, and I will comply with all provisions of the Protective Order.

2.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Discovery Material or any words, summaries, abstracts, or indices of Confidential Discovery Material disclosed to me.

3.      I will limit use of Confidential Discovery Material disclosed to me solely for purposes of this action.

4.      No later than the final conclusion of the action, I will return all Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____[Name]