Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 1 of 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL STARY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TELADOC HEALTH, INC., JASON NATHANIALL GOREVIC, and MALA MURTHY,<br><br>Defendants. | Civil Action No. 7:24-cv-03849-KMK (Consolidated)<br><br><u>CLASS ACTION</u><br><br>STIPULATED ELECTRONIC DISCOVERY PROTOCOL |

Lead plaintiff Joshua Marit ("Plaintiff") and Defendants Teladoc Health, Inc., Jason Nathaniall Gorevic, and Mala Murthy (collectively, "Defendants," and together with Plaintiff, the "Parties"), by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure (the "Federal Rules"), agree to the following Electronic Discovery Protocol (the "Protocol") governing the identification, preservation, and production of electronically stored information ("ESI") and hard-copy documents (collectively, "Documents") produced by the Parties during discovery in the above-captioned action ("Action") as of the execution date of this Protocol.

This Protocol shall govern the production of Documents, as described in Federal Rules 26, 33, and 34. This Protocol shall not be read to alter the Parties' rights under the Federal Rules, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules," and collectively, the "Rules"), any protective order entered or confidentiality agreement in the Action, and any other applicable rules. Any disputes arising under this Protocol shall be resolved according to the Rules and any other applicable orders and rules. As necessary, prior to filing any motion with or seeking the intervention of the court, the Parties agree to meet and confer, to exchange information regarding issues associated with any production of Documents, and to attempt to resolve any procedures or disputes that arise under this Protocol.

The Parties and their counsel do not intend by this Protocol to waive their rights to any protection or privilege, including the attorney-client privilege, the work-product doctrine, and any other privilege or immunity that may be applicable. The Parties and their counsel are not waiving, and specifically reserve, the right to object to any discovery request on any grounds. Further, nothing in this Protocol shall be construed to affect the authenticity or admissibility of Documents. All objections to the discoverability or admissibility of any Documents are preserved and may be

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 3 of 16

asserted at any time. This Protocol does not establish any agreement as to either the appropriate temporal or subject matter scope of discovery in this Action.

## I. PRESERVATION

Consistent with the Parties' obligations under the Federal Rules, the Parties will meet and confer regarding any issues involving preservation, such as, for example, relating to categories or sources of information that have not or cannot reasonably be preserved.

## II. PROCESS AND TECHNOLOGY

The Parties agree that they will take reasonable steps to identify, review, and produce relevant Documents. The Parties agree to meet and confer to discuss proposed search terms, date ranges, custodians, custodial and non-custodial sources, and the use of technology-assisted-review and artificial intelligence. The Parties will not seek Court intervention without first attempting to resolve any disagreements in good faith, based upon all reasonably available information.

### A. Sources

The Parties will disclose and discuss the custodial and non-custodial data sources likely to contain responsive information. The Parties will identify and describe any relevant electronic systems and storage locations. The Parties retain the right, upon reviewing the initial productions of documents, and conducting other investigation and discovery, to request that files from additional custodial or non-custodial sources be searched and to meet and confer regarding such request.

### B. Identification of Custodians

The Parties shall identify proposed custodians. This will include a description of the proposed custodians' job title(s), dates of employment by the applicable Party, and reporting line(s). The Parties will meet and confer regarding the Parties' proposed custodians. The Parties retain the right, upon reviewing the initial productions of documents, and conducting other

investigation and discovery, to request that files from additional custodians be searched and to meet and confer regarding such request.

**C. Easily Targeted Responsive Documents**

Documents and categories of documents that are relevant to this action and responsive to a party's document requests, and that are regularly maintained in a known location, or in a location that is knowable upon reasonable inquiry of those with knowledge about a party's document management, shall be collected without the use of search terms or other advanced search methodology (*e.g.*, analytics, predictive coding, TAR, artificial intelligence). The producing party will indicate which categories of documents and data sources will be identified without the use of search terms or other advanced search methodology.

**D. Search Terms**

Where potentially responsive ESI shall be searched through the use of search terms, the Parties shall use the process identified below and shall meet and confer regarding any proposed deviation. The producing party shall provide a list of proposed search terms, which shall contain all search terms that it believes would lead to the identification of relevant documents. The receiving party may suggest any additional search terms that it believes are necessary to identify responsive documents.

After receiving the additional search terms, the producing party will provide a search term hit list or hit report after global de-duplication (including the number of documents that hit on each term, the number of unique documents that hit on each term (documents that hit on a particular term and no other term on the list), and the total number of documents that would be returned by using the proposed search term list, with and without families). The Parties shall meet and confer regarding the proposed search terms.

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 5 of 16

**E. Technology-Assisted Review**

The Parties shall disclose the use of predictive coding/technology-assisted review or artificial intelligence, for the purpose of culling the documents to be reviewed or produced, prior to any such uses, and with time to meet and confer in good faith regarding the use of such technologies.

## III. PRODUCTION FORMAT

Exhibit A attached herein contains the Parties' agreed-upon production format. To the extent any Party is required, or agrees, to re-produce Documents in this Action that were produced or prepared originally for production in other actions or government investigations, such Documents may be produced in the same format in which they were produced or prepared originally for production but the producing Party shall confer in good faith regarding any reasonable request by a receiving Party for additional metadata fields, native files, or color documents, as appropriate. While this Protocol is intended to address the majority of Documents and data sources handled in this Action, there may be situations where the Parties come into contact with more complex sources (e.g., proprietary software) or different sources (e.g., tangible things, mobile device applications, etc.). Therefore, there may be situations where certain data sources do not easily conform to the production format set forth herein. In the event such data sources are relevant, the Parties agree to make reasonable efforts to appropriately address the complexities this introduces, including, if needed, to meet and confer regarding the relevant production format.

The Parties agree to meet and confer to discuss conforming hyperlinked files and short message communications, such as text messages (*e.g.*, SMS and MMS) and instant messages (*e.g.*, Jabber, WhatsApp, Slack, iMessage, Teams, Instagram, Snapchat, Google Chat, Bloomberg, etc.) to Exhibit A, including unique metadata fields.

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 6 of 16

## IV. MISCELLANEOUS

1. The provisions set forth herein shall govern the production of Documents only by the Parties and their affiliates. A Party seeking a Non-Party production (the "Issuing Party") may include a copy of this Protocol and request that Non-Parties produce Documents in accordance with the specifications set forth herein but nothing requires the Non-Parties do so. If the Issuing Party receives any hard-copy documents or native files, the Issuing Party may disseminate such Documents to all other Parties in the format received, but if, the Issuing Party processes any such Documents for its own use in accordance with the provisions of this Protocol, the Issuing Party will produce the processed Documents to all other Parties. If the Non-Party production is not Bates-stamped, the Issuing Party will endorse the Non-Party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

2. This Protocol may be modified by agreement of the Parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record

Dated: August 31, 2026

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
DANIEL J. KRAMER
AUDRA J. SOLOWAY
DAVID P. FRIEDMAN
DANIEL SINNREICH
EMILY MILLER

*/s/ David P. Friedman*
DAVID P. FRIEDMAN

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
MICHAEL G. CAPECI
NATALIE C. ARENELLA

*/s/ Michael G. Capeci*
MICHAEL G. CAPECI

1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212/373-3000
dkramer@paulweiss.com
asoloway@paulweiss.com
dfriedman@paulweiss.com
dsinnreich@paulweiss.com
emiller@paulweiss.com

*Attorneys for Teladoc Health, Inc., Jason Gorevic, and Mala Murthy*

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
srudman@rgrdlaw.com
mcapeci@rgrdlaw.com
narenella@rgrdlaw.com

LEVI & KORSINSKY, LLP
SHANNON L HOPKINS
GREGORY M. POTREPKA
P. COLE VON RICHTHOFEN
TYLER WINTERICH*
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: 203/992-4523
shopkins@zlk.com
gpotrepka@zlk.com
cvrichthofen@zlk.com
twinterich@zlk.com

* admitted *pro hac vice*

*Lead Counsel for Lead Plaintiff*

So Ordered.

8/31/26

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 8 of 16

**EXHIBIT A**

## I. PRODUCTION OF HARD-COPY DOCUMENTS – FORMAT

Hard-copy documents should be scanned as single-page, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (*i.e.*, .dat), as described below. The database load file should contain the following fields populated for hard-copy documents: "BEGNO," "ENDNO," "PAGES," "VOLUME," and "ALLCUSTODIAN." The hard-copy documents should be logically unitized (*i.e.*, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records) and be produced in the order in which they are kept in the usual course of business. If an original hard-copy document contains color, and color is necessary to understand the meaning or content of the hard-copy document, the hard-copy document shall be produced as single-page, 300 DPI JPG images with JPG compression and a high quality setting as to not degrade the original image.

The Parties agree that the producing party will create and produce multi-page, document-level optical character recognition (OCR) for scanned hard-copy documents or non-searchable PDF files. The OCR software shall maximize text quality. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process.

## II. PRODUCTION OF ESI

### A. ESI Format

Except where otherwise noted in this section, the Parties will produce ESI in single-page, black and white, TIFF Group IV, 300 DPI TIFF images with document-level extracted text for ESI. TIFFs will show any and all text, hidden content, and images that would be visible to the reader using the native software that created the document. For example, TIFFs of email messages will include the BCC line, and documents will display comments, tracked changes, speaker notes, and hidden content. If the image does not accurately reflect the document as it was kept in the

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 9 of 16

usual course of business, the Parties may produce in native format if feasible, or otherwise agree to meet and confer in good faith on production format options. Reasonable care shall be taken not to degrade the legibility of documents during the imaging process. Where a TIFF is unreadable or compression has materially degraded the quality of the original ESI, the receiving Party may reasonably request re-production of these ESI documents. A producing Party will not unreasonably deny such request.

Spreadsheet, presentation files, and audio and video files shall be produced in native format. If an ESI document is produced in native format, a single-page Bates stamped image slip sheet stating the ESI document has been produced in native format should be provided. Each native file should be named according to the Bates number it has been assigned, and the path to the native file should be identified in its corresponding record in the load file using the NATIVELINK field.

Where particular ESI documents may reasonably warrant a different format (*e.g.*, native files, production of color images instead of black and white, etc.), the Parties shall cooperate to arrange for the mutually acceptable production of such documents. The Parties reserve the right to reasonably request access to the native format versions of such files and/or an image format that supports viewing color documents.

**B. De-Duplication**

Each Party shall remove exact duplicate documents based on MD5, SHA-1, or SHA-256 hash values, at the family level. Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates. The Parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical. Removal of documents from production based on near-duplication or email

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 10 of 16

thread suppression is not acceptable. De-duplication will be done across the entire collection (global de-duplication) and the ALLCUSTODIAN field will list each custodian, separated by a semicolon, who was a source of that document and the ALLFILEPATH field will list each file path, separated by a semicolon, that was a source of that document.

In globally de-duped, incremental productions, there will be instances when production of documents from additional custodians will include documents previously produced. A Custodian Append overlay load file using the load file format described above shall be provided with updated ALLCUSTODIAN and ALLFILEPATH fields; BEGNO and ENDNO fields may be used as the unique identifiers.

**C. Embedded Objects**

Embedded files shall be produced as attachments to the document that contained the embedded file, with the parent/child relationship preserved. The embedded files will be marked with a "YES" in the load file under the "IsEmbedded" metadata field. The Parties agree logos need not be extracted as separate documents as long as they are displayed in the parent document.

**D. Attachments**

All document family relationships shall be produced together and children files should follow parent files in sequential Bates number order. The Parties agree that if any part of a communication or its attachments is responsive, the entire communication and attachments will be produced as a family, including any family member redacted in full or in part on the basis of privilege. The Parties will meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege.

**E. Hyperlinked Documents**

The Parties will take reasonable steps to collect communications with their associated hyperlinked documents. In the first instance, the collected version will reflect the version of the

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 11 of 16

hyperlinked document existing at the time of collection, which may not be the point-in-time version as it existed when the communication was sent. Upon reasonable, good-faith request, the closest available point-in-time version of a hyperlinked document will be collected and produced. The parties will meet and confer regarding the volume of such requests, taking into account the burden and manual effort associated with locating and collecting point-in-time versions. Reasonable steps will be taken to preserve historical versions so they remain available if later requested.

Hyperlinked documents associated with responsive communications will be produced. Where a custodial communication is not independently responsive but contains a hyperlink to a responsive document, the communication and the responsive hyperlinked document will both be produced. A relational cross-reference file identifying, by Bates number, the relationship between each communication and its hyperlinked document(s) (e.g., Linked Document ProdBeg & Source Document ProdBeg) will be provided corresponding to each production containing hyperlinked documents. Reasonable efforts will be made to produce a communication containing a link and the corresponding hyperlinked document within the same production. However, if an additional communication linking to a previously produced document is produced later, an updated cross-reference will be produced drawing the connection. Each updated cross-reference file will reflect the current production and tie together all prior productions to date.

Reasonable efforts will be made to ensure that URL path for hyperlinked documents are available in the produced extracted text of the communication. For the avoidance of doubt, nothing in this section waives attorney-client or other privilege.

**F. Compressed Files Types**

Compressed file types (*e.g.*, .ZIP, .RAR, .CAB, .Z) should be decompressed so that the lowest level document or file is extracted.

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 12 of 16

### G. Structured Data

To the extent a response to discovery requires production of electronic information stored in a database, the Parties will meet and confer regarding methods of production. The Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

## III. REDACTIONS

Documents requiring redactions will state the reason for the redaction clearly on the face of the Document. All Documents containing redactions shall indicate so in the REDACTED metadata field. Redacted Documents will not have metadata withheld from production unless the withheld metadata is also privileged and the load file will indicate that the withheld metadata field has been redacted. Spreadsheets requiring redaction will be redacted using native redaction software and produced in native format.

## IV. PRODUCTION DELIVERABLE FORMATTING

1. All Documents shall be sequentially Bates-stamped using a consistent length with leading zeros in the number. The format of the Bates numbers shall not change across productions.

2. All Documents will be produced with a delimited, database load file in standard .dat format that contains the metadata fields listed in Table 1, attached herein. The Parties agree to meet and confer regarding additional metadata for non-email or non-standard documents such as Google documents or short message communications, including text messages (*e.g.*, SMS and MMS) and instant messages (*e.g.*, Jabber, WhatsApp, Slack, iMessage, Teams, Instagram, Snapchat, Google Chat, Bloomberg, etc.). The delimiters and qualifiers to be used in the .DAT file are:

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 13 of 16

(a) Record delimiter: Windows newline/Hard return (ASCII 10 followed by ASCII 13)

(b) Field delimiter: (ASCII 20)

(c) Multi-value delimiter: Semicolon ; (ASCII 59)

(d) Text qualifier: Small thorn þ (ASCII 254)

3. All Documents will be produced with a single-page image load/cross-reference file in an image viewer (.opt) format, as in the sample below. Note, the volume label information ("MSC001" in the sample .opt file) is optional:

Sample image viewer .opt file:
MSC000001,MSC001,MSC\0000\00000001.TIF,Y,,,3
MSC000002,MSC001,MSC\0000\00000002.TIF,,,,
MSC000003,MSC001,MSC\0000\00000003.TIF,,,,
MSC000004,MSC001,MSC\0000\00000004.TIF,Y,,,2
MSC000005,MSC001,MSC\0000\00000005.TIF,,,,

4. The metadata and text files produced should have the correct encoding to enable preservation of the documents' original language (*i.e.,* unicode text-based productions for productions containing non-English language documents).

5. Extracted Text/OCR Requirements

(a) Extracted text and/or OCR text shall be provided for all Documents as separate, document-level text files; extracted text and/or OCR text shall not be embedded in the .DAT file.

(b) For extracted text and OCR text files, there should be a folder on the deliverable, containing a separate text file per Document. Document-level text file names shall consist of the beginning Bates number information of the Document.

Case 7:24-cv-03849-KMK Document 108 Filed 08/31/26 Page 14 of 16

(c) If a Document is provided in native format with a single-page placeholder TIFF image (e.g., spreadsheet files), the text file shall contain the full extracted text of the native file.

(d) OCR text shall be provided for all redacted documents in lieu of extracted text.

6. The Parties will take reasonable efforts to ensure that all Documents they produce are decrypted, although media on which the Parties produce Documents may be encrypted for security purposes provided that appropriate password information is provided to all Parties to which such media are produced. The Parties will make reasonable efforts to ensure that any productions made are free from malware and provided on encrypted media or transmitted via a secure file transfer system.

# TABLE 1: METADATA FIELDS

| Field Name | Example / Format | Description |
|---|---|---|
| BEGNO | ABC0000001 (Unique ID) | The Document ID number associated with the first page of a document. |
| ENDNO | ABC0000003 (Unique ID) | The Document ID number associated with the last page of a document. |
| BEGRANGE | ABC0000001 (Unique ID Parent-Child Relationships) | The Document ID number associated with the first page of the parent document. |
| ENDRANGE | ABC0000008 (Unique ID Parent-Child Relationships) | The Document ID number associated with the last page of the last attachment. |
| LINKEDDOC PRODBEG | ABC000110 | The Document ID number associated with the hyperlinked document linked within the communication. |
| SOURCEDOC PRODBEG | ABC000007 | The Document ID number associated with the communication containing a hyperlink to a document. |
| VOLUME | VOL001 | The name of CD, DVD, or Hard Drive. |
| RECORDTYPE | eMail, Attachment, Scanned Doc, eFile, Chat/Text | The record type of a document. |
| SENTDATE | MM/DD/YYYY | The date the email or calendar entry was sent. |
| SENTTIME | HH:MM | The time the email or calendar entry was sent. |
| RECEIVEDDATE | MM/DD/YYYY | The date the document was received. |
| RECEIVEDTIME | HH:MM | The time the document was received. |
| CREATEDATE | MM/DD/YYYY | The date the document was created. |
| CREATETIME | HH:MM | The time the document was created. |
| LASTMODDATE | MM/DD/YYYY | The date the document was last modified. |
| LASTMODTIME | HH:MM | The time the document was last modified. |
| MEETINGSTARTDATE | MM/DD/YYYY | Start date of calendar entry. |
| MEETINGSTARTTIME | HH:MM | Start time of calendar entry. |
| MEETINGENDDATE | MM/DD/YYYY | End date of calendar entry. |
| MEETINGENDTIME | HH:MM | End time of calendar entry. |
| ALLFILEPATH | i.e. /JSmith.pst/Inbox /Network Share/Accounting/... /TJohnsonPC/Users/TJohnson/My Documents/... | The file paths from the locations in which the documents were stored in the usual course of business. This field should be populated for both email and e-files and separated by semicolons. |
| AUTHOR | jsmith | The author or owner of a document from extracted metadata. |
| LASTEDITEDBY | jsmith | The name of the last person to edit the document from extracted metadata. |
| FROM | Joe Smith <jsmith@email.com> | The display name and email address of the author of an email/calendar item. An email address should always be provided. |
| TO | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email address of the recipient(s) of an email/calendar item. An email address should always be provided for every email if a recipient existed. |
| CC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the copyee(s) of an email/calendar item. An email address should always be provided for every email if a copyee existed. |
| BCC | Joe Smith <jsmith@email.com>; tjones@email.com | The display name and email of the blind copyee(s) of an email or calendar item. An email address should always be provided for every email if a blind copyee existed. |
| SUBJECT | | The subject line of the email/calendar item. |
| IMPORTANCE | Normal, Low, High | Email Importance Flag |
| TITLE | | The extracted document title of a document. |
| ALLCUSTODIAN | Smith, Joe; Doe, Jane | All of the custodians of a document from which the document originated, separated by semicolons. |
| ATTACHCOUNT | Numeric | The number of attachments to a document. |
| FILEEXT | XLS | The file extension of a document. |
| FILENAME | Document Name.xls | The file name of a document. |
| FILESIZE | Numeric | The file size of a document (including embedded attachments). |
| TRACKCHANGES | Yes or No/Blank | The yes/no indicator of whether tracked changes exist in the file. |
| ISEMBEDDED | Yes or No | The yes/no indicator of whether a file is embedded in another document. |
| HASH | | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout production. |
| HIDDENCONTENT | Yes or Blank | Denotes if file contains hidden content. Loose files and attachments. |
| PAGES | Numeric | Number of TIFF image pages in the produced document. |
| MESSAGEID | i.e. <0E6648D558F338179524D555@m1p. | Globally unique identifier for a message which typically includes messageid and a domain name. Email only. |

| | | |
|---|---|---|
| | contoso.net Documents/... | |
| **CONVERSATIONINDEX** | | ID used to tie together email threads. |
| **REDACTED** | Yes or No | If a document contains a redaction, this field will display 'Yes'. |
| **TIMEZONEPROCESSED** | PST, CST, EST, etc | The time zone in which the document was standardized during processing (e.g., GMT).NOTE: All Documents shall be processed so as to normalize the time zone. |
| **NATIVELINK** | D:\NATIVES\ABC000001.xls | The full path to a native copy of a Document in the production deliverable. |
| **FULLTEXT** | D:\TEXT\ABC000001.txt | The path to the extracted or OCR text file of the document in the production deliverable. |