Robbins Geller Rudman & Dowd LLP

Chicago Melville Nashville San Diego Wilmington
Boca Raton Manhattan Philadelphia San Francisco Washington, D.C.

Michael G. Capeci
MCapeci@rgrdlaw.com

October 9, 2026

The Honorable Kenneth M. Karas
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

VIA ECF

Re: *Stary v. Teladoc Health, Inc., et al.*, No. 7:24-cv-03849 (KMK) (S.D.N.Y.)

Dear Judge Karas:

We represent Lead Plaintiff Joshua Marit ("Plaintiff") in the above-captioned matter. Pursuant to Section IX(A) of the Court's Individual Rules of Practice and the Stipulated and Protective Order (ECF No. 94) (the "Protective Order"), Plaintiff respectfully submits this letter motion to file under seal certain portions of Plaintiff's pre-motion conference letter for a discovery dispute dated October 9, 2026, and certain exhibits cited therein.

The Second Circuit considers several factors in deciding whether a document should be sealed; the first is whether the documents at issue are "judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process." *Farsura v. QC Terme U.S. Corp.*, 2025 WL 267573, at *10 (S.D.N.Y. Jan. 17, 2025). "The relevance of a document does not depend on 'which way the court ultimately rules or whether the document ultimately in fact influences the court's decision,' but rather on whether the document 'would reasonably have the *tendency* to influence a district court's ruling on a motion.'" *Energy Transp. Grp., Inc. v. Borealis Mar. Ltd.*, 2025 WL 2257464, at *12 (S.D.N.Y. Aug. 7, 2025) (*citing Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original)). If the document is judicial, the presumption of access attaches and the court must weigh the presumption of public access against privacy interests. *Id.* The presumption of public access is highest "when the material is relevant to a court's decision on a dispositive motion." *Id.*

Here, the Confidential Information constitutes information that Defendants produced in this litigation and that Defendants have designated as "Confidential" pursuant to the Protective Order. The Confidential Information is highlighted in yellow in the sealed filing.

Granted.

So Ordered.

10/9/26

Very truly yours,

*/s/ Michael G. Capeci*

Michael G. Capeci

cc: All Counsel of Record (via ECF)

58 South Service Road, Suite 200 Melville, NY 11747 Tel 631-367-7100 Fax 631-367-1173 rgrdlaw.com