PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas
New York, NY 10019-6064
+1 212 373 3000

**Audra J. Soloway**
**Direct Dial:** +1 212 373 3289
**Email:** asoloway@paulweiss.com

Brussels
Hong Kong
Houston
London
Los Angeles
San Francisco
Tokyo
Toronto
Washington, DC
Wilmington

**VIA ECF** November 9, 2026

The Hon. Kenneth M. Karas
United States District Court for the Southern District of New York
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St., White Plains, NY 10601-4150

*Stary* v. *Teladoc Health, Inc., et al.*, No. 7:24-cv-03849-KMK (S.D.N.Y.)

Dear Judge Karas,

We represent Defendants Teladoc Health, Inc., Jason Gorevic, and Mala Murthy (together, "Defendants") in the above captioned case. Pursuant to Section IX(A) of the Court's Individual Rules of Practice and the Protective Order entered by the Court on June 25, 2026 (ECF No. 94) (the "Protective Order"), Defendants respectfully submit this letter motion to file under seal certain portions of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification (the "Opposition Brief"), and certain exhibits cited therein.

While there is a general presumption in favor of public access to judicial documents, records may be sealed where "sealing is necessary to preserve higher values" and "the sealing order is narrowly tailored to achieve that aim." *Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit's standards set forth in *Lugosch* require courts to "balance competing considerations against" the presumption of public access. *Id.* at 120 (internal citation omitted). The presumption of access may be outweighed as to "commercially sensitive information" in order "to protect confidential business interests and financial information." *IBM Corp.* v. *Micro Focus (US), Inc.*, 2024 WL 343265, at *1 (S.D.N.Y. Jan. 30, 2024). Disclosure of such "confidential business information" would subject a party to "financial harm" or a "significant competitive disadvantage." *Standard Inv. Chartered, Inc.* v. *Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (internal citations omitted). Courts therefore routinely recognize the importance of protecting such sensitive business information and permit sealing in similar circumstances. *See, e.g.*, *Bergen Brunswig Corp.* v. *Ivax Corp.*, 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (collecting cases); *Falberg ex rel. Goldman Sachs 401(k) Plan* v. *Goldman Sachs Grp., Inc.*, 2022 WL 601967, at *2 (S.D.N.Y. Mar. 1, 2022) (granting motion to seal where the documents "analyze, quote, and rely on confidential information and documents produced by [a party] pursuant to the Protective Order"); *Rodo Inc.* v. *Guimaraes*, 2022 WL 17742392, at *1 (S.D.N.Y. Dec. 5, 2022) (finding confidential business information to be the "proper subject of sealing" even where the materials were "entitled to the highest presumption of access"); *Micro Focus (US)*, 2024 WL 343265, at *1 ("Courts in this District routinely permit

parties to seal or redact commercially sensitive information to protect confidential business interests and financial information."). Further, courts also recognize a privacy interest in an individual's personal financial information. *See Oakley* v. *MSG Networks, Inc.*, 2026 WL 522622, at *1–2 (S.D.N.Y. Feb. 25, 2026) (permitting sealing of plaintiff's personal financial records); *Averbach* v. *Cairo Amman Bank*, 2023 WL 4144758, at *3 (S.D.N.Y. June 23, 2023) (recognizing "a privacy interest in certain banking information").

Here, certain portions of the Opposition Brief, and certain exhibits filed in support of it, quote, describe, or cite commercially sensitive and non-public materials, as well as personal financial information, that Defendants and Plaintiffs have designated as "CONFIDENTIAL" under the Protective Order, or otherwise describe allegations derived from those materials. The proposed redactions and sealed exhibits are narrowly tailored to protect confidential information.

For the reasons explained above, Defendants respectfully request that the Court grant their sealing request. The confidential portions of the Opposition Brief and Exhibits 2 and 3 are highlighted in yellow in the sealed filing.

Sincerely,

*/s/ Audra J. Soloway*
Audra J. Soloway

cc: All Counsel of Record (via ECF)

The Court has reviewed Defendants' proposed redactions and finds that the redactions serve compelling interests that outweigh the First Amendment and common law rights of access to the redacted material. For these reasons, Defendants' motion is GRANTED.

So ordered.



November 10, 2026